NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIA QUINTERO CARRIZOZA DE HUNT, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-1399 <br><br> Agency No. A037-803-362 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2023[**]
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Antonia Quintero Carrizoza de Hunt ("Carrizoza") petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from

an order of an Immigration Judge ("IJ") denying protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

1. Reviewing de novo, *see Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc), we reject Carrizoza's claim that she was denied due process because the IJ declined to admit a police report and hospital records. To show a due process violation, Carrizoza must establish that (1) the proceeding was so fundamentally unfair that she was prevented from reasonably presenting her case and (2) the alleged violation may have affected the outcome of the proceeding. *See Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012). That is not the case here. Carrizoza had almost three years after the remand to the IJ to obtain any relevant documentation but failed to seek the documents until thirty days before the merits hearing and did not submit them to the IJ until the day of the hearing. Moreover, although declining to admit the documents, the IJ allowed Carrizoza to testify about them and found her testimony credible.

2. Substantial evidence supports the IJ's finding that Carrizoza failed to show a likelihood of torture if removed. "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal," an IJ should consider "evidence of past torture" and "evidence that the applicant could relocate to . . . where he or she is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3)(i)–(ii) (cleaned up). Although an attack by cartel members seriously injured Carrizoza, this

2

Court has previously held that even severe beatings do not compel a finding of torture. *See Vitug v. Holder*, 723 F.3d 1056, 1061, 1066 (9th Cir. 2013); *Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007); *Kumar v. Gonzales*, 444 F.3d 1043, 1047–48, 1055 (9th Cir. 2006). And the IJ reasonably found that Carrizoza could relocate in Mexico to avoid her attackers. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704–05 (9th Cir. 2022). Carrizoza lived without incident in Mexico for over six months after the attack, and her brother lives safely in a different part of Mexico.

**PETITION DENIED**.